**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
                    (State)

Case number *(if known):* _____    Chapter __11__

☐ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's Name | NGAS Hunter, LLC |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names, and *doing business as* names | MHR Acquisition Company I, LLC; NGAS Resources, Inc. |
| 3. | Debtor's federal Employer Identification Number (EIN) | 27-3953737 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **120 Prosperous Place**<br>Number          Street | Number          Street |
| **Suite 201** | P.O. Box |
| **Lexington, Kentucky 40509**<br>City                    State      Zip Code | City                    State      Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Fayette County, Kentucky**<br>County | Number          Street |
| | City                    State      Zip Code |

5. **Debtor's website (URL)**    http://www.magnumhunterresources.com/

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **NGAS Hunter, LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

---

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**2111**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes. District _____ When _____ Case number _____
MM/DD/YYYY

District _____ When _____ Case number _____
MM/DD/YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes. Debtor **See Rider 1** Relationship **Affiliate**

District **Delaware** When **12/15/2015**
MM / DD / YYYY

Case number, if known _____

---

Debtor    **NGAS Hunter, LLC**                                      Case number *(if known)* _____
       Name

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No.

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____
City                          State       Zip Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency    _____

          Contact name    _____

          Phone              _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☒ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

| Debtor | NGAS Hunter, LLC | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

**16. Estimated liabilities**

| | | | |
|---|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion | |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion | |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion | |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion | |

**Request for Relief, Declaration, and Signatures**

**WARNING --**  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **12/15/2015**
MM/ DD / YYYY

x _____
Signature of authorized representative of debtor

**Gary C. Evans**
Printed name

Title  **Chief Executive Officer**

**18. Signature of attorney**

x _____  Date  **12/15/2015**
Signature of attorney for debtor       MM/ DD/YYYY

**Laura Davis Jones**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**919 North Market Street, 17th Floor**
Number                Street

**Wilmington**                  **Delaware**    **19899-8705 (Courier 19801)**
City                          State         ZIP Code

**(302) 652-4100**              **ljones@pszjlaw.com**
Contact phone                  Email address

**2436**                        **Delaware**
Bar number                      State

<table>
<tr><td><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

United States Bankruptcy Court for the :

_____ District of Delaware
(State)

Case number *(if known)*: _____    Chapter   11

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Magnum Hunter Resources Corporation.

- Magnum Hunter Resources Corporation
- Alpha Hunter Drilling, LLC
- Bakken Hunter Canada, Inc.
- Bakken Hunter, LLC
- Energy Hunter Securities, Inc.
- Hunter Aviation, LLC
- Hunter Real Estate, LLC
- Magnum Hunter Marketing, LLC
- Magnum Hunter Production, Inc.
- Magnum Hunter Resources GP, LLC
- Magnum Hunter Resources, LP
- Magnum Hunter Services, LLC
- NGAS Gathering, LLC
- NGAS Hunter, LLC
- PRC Williston LLC
- Shale Hunter, LLC
- Triad Holdings, LLC
- Triad Hunter, LLC
- Viking International Resources Co., Inc.
- Williston Hunter ND, LLC

**CONSENT OF THE SOLE MEMBER OR SOLE MANAGER,**
**AS APPLICABLE, OF**
**BAKKEN HUNTER, LLC, MAGNUM HUNTER MARKETING, LLC,**
**MAGNUM HUNTER RESOURCES, GP, LLC,**
**NGAS HUNTER, LLC, SHALE HUNTER, LLC, TRIAD HUNTER, LLC,**
**HUNTER AVIATION, LLC, WILLISTON HUNTER ND, LLC, MAGNUM HUNTER**
**SERVICES, LLC, AND PRC WILLISTON LLC**

December 14, 2015

The undersigned, being the sole member and the managing member or the sole manager, as applicable (in each such capacity, the "Sole Member"), of each of the entities listed in **Schedule A** (the "Companies"), in lieu of holding a meeting, hereby takes the following actions and adopts the following resolutions by written consent (this "Consent") pursuant to the organizational documents of the Companies and the laws of the state of Delaware:

**CHAPTER 11 FILING**

WHEREAS, the Sole Member considered presentations by the management and the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of the Companies, the strategic alternatives available to them, and the effect of the foregoing on the Companies' businesses; and

WHEREAS, the Sole Member has had the opportunity to consult with the management and the financial and legal advisors of the Companies and fully consider each of the strategic alternatives available to the Companies.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the Sole Member, it is desirable and in the best interests of each of the Companies, their creditors, and other parties in interest, that each of the Companies shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by the Companies' affiliates, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court"); and

RESOLVED, that the Chief Executive Officer, the President, any Senior Vice President, any Vice President, any Assistant Vice President, or any other duly appointed officer of each of the Companies (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and

each of them hereby is, authorized, empowered, and directed to execute and file on behalf of each of the Companies all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each of the Companies' respective businesses.

## RETENTION OF PROFESSIONALS

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Kirkland & Ellis LLP, as general bankruptcy counsel, to represent and assist each of the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance each of the Companies' respective rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Pachulski, Stang, Ziehl & Jones LLP, as local bankruptcy counsel, to represent and assist each of the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance each of the Companies' respective rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Pachulski, Stang, Ziehl & Jones LLP.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of PJT Partners LP, as investment banker, to represent and assist each of the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance each of the Companies' respective rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of PJT Partners LP.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Alvarez & Marsal North America, LLC, as restructuring advisor, to represent and assist each of the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance each of the Companies' respective rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Alvarez & Marsal North America, LLC.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Prime Clerk LLC as notice, claims, and balloting agent and as administrative advisor to represent and assist each of the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance each of the Companies' respective rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Prime Clerk LLC.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist each of the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, restructuring advisors and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with each of the Companies' respective Chapter 11 Cases, with a view to the successful prosecution of such case.

**RESTRUCTURING SUPPORT AGREEMENT**

WHEREAS, the Companies have negotiated a restructuring support agreement, in form or substantially in the form thereof submitted to the Sole Member (the "Restructuring Support Agreement"), with the Parties (as such term is defined in the Restructuring Support Agreement);

WHEREAS the Restructuring Support Agreement provides that it can be terminated if the Sole Member determines in good faith after consultation with outside legal counsel that proceeding with the transactions contemplated thereby would be inconsistent with the exercise of the Sole Member's fiduciary duties;

WHEREAS, after careful consideration the Sole Member has determined that each of the Companies' entry into the Restructuring Support Agreement and the performance of the transactions contemplated thereby are advisable and in the best interests of each of the Companies and their respective stakeholders;

NOW, THEREFORE, BE IT,

RESOLVED, that in the business judgment of the Sole Member, it is desirable and in the best interests of each of the Companies, its stakeholders, its creditors, and other parties in interest, to enter into the Restructuring Support Agreement and that each of the Companies' performance of its obligations under the Restructuring Support Agreement hereby is, in all respects, authorized and approved.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized to execute the Restructuring Support Agreement on behalf of the Companies.

**DEBTOR-IN-POSSESSION FINANCING, CASH COLLATERAL, AND ADEQUATE PROTECTION**

RESOLVED, that each of the Companies will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to:

[(a) that certain Fourth Amended and Restated Credit Agreement, dated as of October 22, 2014, as amended, modified, or supplemented, and in effect immediately prior to December 15, 2015 (the "Petition Date"), among Magnum Hunter Resources

4

Corporation, as borrower ("Borrower"), certain of the Borrower's subsidiaries, including Bakken Hunter Canada, Inc., Bakken Hunter, LLC, Triad Hunter, LLC, Magnum Hunter Marketing, LLC, Hunter Real Estate, LLC, Viking International Resources Co., Inc., Triad Holdings, LLC, Shale Hunter, LLC, Magnum Hunter Resources, LP, Magnum Hunter Resources GP, LLC, NGAS Hunter, LLC, and Magnum Hunter Production, Inc., as subsidiary guarantors (collectively, the "Subsidiary Guarantors"), Bank of Montreal, as administrative agent (the "First Lien Agent"), Cantor Fitzgerald Securities, as loan administrator, and the lenders that are parties thereto from time to time; and ]

(b) that certain Second Lien Credit Agreement dated as of October 22, 2014 (the "Term Loan") as amended, modified, or supplemented, and in effect immediately prior to the Petition Date, among Magnum Hunter Resources Corporation, as borrower, the Subsidiary Guarantors as subsidiary guarantors, Credit Suisse AG, Cayman Islands Branch, as administrative agent (the "Second Lien Agent" and, together with the First Lien Agent, the "Agents"), and the lenders that are parties thereto from time to time.

RESOLVED, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Companies will provide certain adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Interim DIP Order") and submitted for approval to the Bankruptcy Court.

RESOLVED, that the form, terms, and provisions of the Interim DIP Order to which each of the Companies are or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Officers of each of the Companies be, and hereby is, authorized and empowered, in the name of and on behalf of each of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which any of the Companies are or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the Interim DIP Order, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Sole Member, with such changes, additions, and modifications thereto as the officers of the Companies executing the same shall

approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

RESOLVED, that each of the Companies, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "Adequate Protection Transactions").

RESOLVED, that the Authorized Officers of each of the Companies be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, each of the Companies, as debtors and debtors in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agents; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document.

RESOLVED, that each of the Authorized Officers of each of the Companies be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each of the Companies to file or to authorize the Agents to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of any of the Companies that the Agents deem necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of any of the Companies and such other filings in respect of intellectual and other property of any of the Companies, in each case as the Agents may reasonably request to perfect the security interests of the Agents under the Interim DIP Order.

RESOLVED, that each of the Authorized Officers of each of the Companies be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each of the Companies to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of any of the Companies in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, proper, or advisable to perform any of the Companies' obligations under or in connection with the Interim DIP Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

**GENERAL**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each of the Companies, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that Sole Member has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Companies, or hereby waives any right to have received such notice.

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Sole Member.

7

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby is authorized and empowered to take all actions or to not take any action in the name of each of the Companies with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, or managing member of each direct subsidiary of each of the Companies, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

********

IN WITNESS WHEREOF, the undersigned has executed this Consent as of the date above first written.

**MAGNUM HUNTER RESOURCES CORPORATION,** as sole member and managing member or sole manager, as applicable, of each Company

Name: Gary C. Evans
Title:  Chief Executive Officer

*[Signature Page to Consent of Magnum Hunter Resources Corporation as Sole Member of the Companies]*

## SCHEDULE A

Magnum Hunter Resources Corporation is the sole member and managing member or sole manager, as applicable, of the following entities:

1. Bakken Hunter, LLC, a Delaware limited liability company

2. Magnum Hunter Marketing, LLC, a Delaware limited liability company

3. Magnum Hunter Resources GP, LLC, a Delaware limited liability company

4. NGAS Hunter, LLC, a Delaware limited liability company

5. Shale Hunter, LLC, a Delaware limited liability company

6. Triad Hunter, LLC, a Delaware limited liability company

7. Hunter Aviation, LLC, a Delaware limited liability company

8. Williston Hunter ND, LLC , a Delaware limited liability company

9. Magnum Hunter Services, LLC, a Delaware limited liability company

10. PRC Williston LLC, a Delaware limited liability company

**Fill in this information to identify the case:**

Debtor name ___Magnum Hunter Resources Corporation, _et al.___

United States Bankruptcy Court for the: _____ District of ___Delaware___
                                                                                    (State)
Case number *(If known):* _____

☐ Check if this is an
   amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WILMINGTON TRUST, NATIONAL ASSOCIATION ROPES & GRAY LLP ATTN: MICHAEL ROH & CHENELLE IDEHEN PRUDENTIAL TOWER, 800 BOYLSTON STREET BOSTON, MA 02199 | WILMINGTON TRUST, NATIONAL ASSOCIATION ROPES & GRAY LLP PHONE: 617-951-7000 FAX: 617-951-7050 EMAIL: MICHAEL.ROH@ROPESGRAY.COM; CHENELLE.IDEHEN@ROPESGRAY.COM | 9.75% Senior Unsecured Notes Due May 15, 2020 | | | | $634,625,000.00 |
| 1 | WILMINGTON TRUST, NATIONAL ASSOCIATION ATTN: CAPITAL MARKETS AND AGENCY SERVICES/MAGNUM HUNTER SENIOR NOTES DUE 2020 RODNEY SQUARE NORTH 1100 N. MARKET STREET WILMINGTON, DE  19890-1615 | WILMINGTON TRUST, NATIONAL ASSOCIATION ATTN: CAPITAL MARKETS AND AGENCY SERVICES/MAGNUM HUNTER SENIOR NOTES DUE 2020 PHONE: 302-651-1000 FAX: 302-636-4145 | 9.75% Senior Unsecured Notes Due May 15, 2020 | | | | $634,625,000.00 |
| 2 | CONTINUUM MIDSTREAM, LLC ATTN: ANNE PSENCIK 1323 EAST 71ST STREET STE 300 TULSA, OK 74136 | CONTINUUM MIDSTREAM, LLC ATTN: ANNE PSENCIK PHONE: 859-410-2009 FAX: 859-254-1128 EMAIL: APSENCIK@CONTINUUMES.COM | Trade Payable | | | | $6,188,867.00 |
| 3 | STONE ENERGY CORPORATION ATTN: RICHARD A. PATTAROZZI 625 EAST KALISTE SALOOM RD. LAFAYETTE, LA 70508 | STONE ENERGY CORPORATION ATTN: RICHARD A. PATTAROZZI PHONE: 337-237-0410 FAX: 337-521-2072 EMAIL: INFORMATION@STONEENERGY.COM | Trade Payable | | | | $4,295,171.40 |

Debtor   <u>Magnum Hunter Resources Corporation, et al.</u>      Case Number (if known) _____
                    Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, | Indicate if claim is contingent, unliquidated, or disputed | | | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|---|---|---|---|---|---|
| 4 | HUNT OIL COMPANY ATTN: MICHAEL MONROE, GENERAL COUNSEL 1900 NORTH AKARD STREET DALLAS, TX 75201-2300 | HUNT OIL COMPANY ATTN: MICHAEL MONROE, GENERAL COUNSEL PHONE: 214-978-8000 FAX: 214-978-8888 EMAIL: MMONROE@HUNTOIL.COM | Settlement | | | | $3,680,362.00 |
| 5 | SM ENERGY ATTN: DAVID COPELAND 1775 SHERMAN STREET STE 1200 DENVER, CO 80203 | SM ENERGY ATTN: DAVID COPELAND PHONE: 303-861-8140 FAX: 303-863-7539 EMAIL: OWNERRELATIONS@SM-ENERGY.COM | Settlement | | | | $2,286,102.03 |
| 6 | DOMINION FIELD SERVICES, INC. ATTN: ROBERT BLUE 2539 WASHINGTON ROAD SUITE 1010 UPPER ST. CLAIR, PA 15241 | DOMINION FIELD SERVICES, INC. ATTN: ROBERT BLUE PHONE: 304-627-3815 FAX: 304-627-3973 EMAIL: ROBERT.BLUE@DOM.COM | Contractual Obligation | | | | $2,151,021.78 |
| 7 | BRIDGES EQUIPMENT LTD ATTN: PRESIDENT OR GENERAL COUNSEL 2122 MAURICE ODESSA, TX 79760 | BRIDGES EQUIPMENT LTD ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 432-333-9741 FAX: 432-333-3042 EMAIL: SALES@BRIDGESEQUIPMENT.COM | Trade Payable | | | | $1,925,000.00 |
| 8 | BRACEWELL AND GIULIANI LLP ATTN: BROCK BAILEY, MANAGING PARTNER 1445 ROSS AVENUE DALLAS, TX 75202-2724 | BRACEWELL AND GIULIANI LLP ATTN: BROCK BAILEY, MANAGING PARTNER PHONE: 214.468.3800 FAX: 800.404.3970 EMAIL: BROCK.BAILEY@BGLLP.COM | Trade Payable | | | | $1,485,340.39 |
| 9 | BEAVER EXCAVATING COMPANY ATTN: W. MARK STERLING 2000 BEAVER PLACE AVE SW CANTON, OH 44706-1935 | BEAVER EXCAVATING COMPANY ATTN: W. MARK STERLING PHONE: 330-478-2151 FAX: 330-478-2122 EMAIL: WMS@BEAVEREXCAVATING.COM | Trade Payable | | | | $1,362,763.10 |
| 10 | USA COMPRESSION PARTNERS LLC ATTN: ERIC D. LONG 100 CONGRESS AVENUE, STE. 450 AUSTIN, TX 78701 | USA COMPRESSION PARTNERS LLC ATTN: ERIC D. LONG PHONE: 512-473-2662 FAX: 512-320-0706 EMAIL: IR@USACOMPRESSION.COM | Trade Payable | | | | $1,352,135.54 |

Debtor    __Magnum Hunter Resources Corporation, *et al.*__    Case Number (if known) _____
                          Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, | Indicate if claim is contingent, unliquidated, or disputed | | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|---|---|---|---|---|
| 11 | TOP NOTCH LAND SERVICE, INC<br>ATTN: RYAN MULLEN, RPL<br>4127 LOST PAVEMENT ROAD<br>PARKERSBURG, WV 26102 | TOP NOTCH LAND SERVICE, INC<br>ATTN: RYAN MULLEN, RPL<br>PHONE: 304-893-9200<br>EMAIL: RMULLEN@TOPNOTCHLANDSERVICE.COM | Trade Payable | | | $1,215,986.62 |
| 12 | LEWIS GLASSER CASEY ROLLINS<br>ATTN: ANN R. STARCHER<br>300 SUMMERS ST, BBT SQ STE 700<br>P.O. BOX 1746<br>CHARLESTON, WV 25326 | LEWIS GLASSER CASEY ROLLINS<br>ATTN: ANN R. STARCHER<br>PHONE: 304-345-2000<br>FAX: 304-343-7999<br>EMAIL: LGCR@LGCR.COM | Trade Payable | | | $987,451.08 |
| 13 | ANDERSON EXCAVATING, LLC<br>ATTN: RODNEY ANDERSON<br>343 WILLIAMS RD.<br>MORGANTOWN, WV 26501 | ANDERSON EXCAVATING, LLC<br>ATTN: RODNEY ANDERSON<br>PHONE: 304-983-2296<br>FAX: 304-983-4755<br>EMAIL: CONTACT@ANDERSONEXCAVATINGLLC.COM | Trade Payable | | | $946,312.26 |
| 14 | MICROSEISMIC, INC.<br>ATTN: JEFF FOSTER<br>10777 WESTHEIMER<br>STE. 500<br>HOUSTON, TX 77042 | MICROSEISMIC, INC.<br>ATTN: JEFF FOSTER<br>PHONE: 713-781-2323<br>FAX: 713-781-2326<br>EMAIL: JFOSTER@MICROSEISMIC.COM | Trade Payable | | | $831,863.34 |
| 15 | BABST, CALLAND, CLEMENTS AND ZOMNIR<br>ATTN: CHIP BABST, MANAGING SHAREHOLDER<br>603 STANWIX STREET<br>TWO GATEWAY CENTER, 6TH FLOOR<br>PITTSBURGH, PA 15222 | BABST, CALLAND, CLEMENTS AND ZOMNIR<br>ATTN: CHIP BABST, MANAGING SHAREHOLDER<br>PHONE: 412-394-5400<br>FAX: 412-394-6576<br>EMAIL: INFO@BABSTCALLAND.COM | Trade Payable | | | $771,849.29 |
| 16 | GEMONDO & MCQUIGGAN, LLP<br>ATTN: GENERAL COUNSEL<br>615 WASHINGTON RD.<br>TERRACE LEVEL 4<br>PITTSBURGH, PA 15228 | GEMONDO & MCQUIGGAN, LLP<br>ATTN: GENERAL COUNSEL<br>PHONE: 412-343-1150<br>FAX: 412-246-9422<br>EMAIL: INFO@SHALEGASLAWYERS.COM | Trade Payable | | | $615,439.21 |
| 17 | FORMATION ENERGY LP AND SUBSIDIARIES<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>1600 STOUT STREET<br>SUITE 1850<br>DENVER, CO 80202 | FORMATION ENERGY LP AND SUBSIDIARIES<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: 720-897-6280 | Settlement | | | $563,134.53 |

Debtor    Magnum Hunter Resources Corporation, *et al.*    Case Number (if known) _____
Name

| # | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, | Indicate if claim is contingent, unliquidated, or disputed | | | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|---|---|---|---|---|---|
| 18 | GREENHUNTER RESOURCES, INC.[1] ATTN: GARY C. EVANS 1048 TEXAN TRAIL GRAPEVINE, TX 76051 | GREENHUNTER RESOURCES, INC. ATTN: GARY C. EVANS PHONE: 469-293-2163 FAX: 972-410-1066 EMAIL: INFO@GREENHUNTERWATER.COM | Trade Payable | | | | $558,849.00 |
| 19 | CONTINUUM MURPHY LIQUIDS TERMINAL, LLC. ATTN: ANNE PSENCIK 1490 HIGHWAY 66 BULLS GAP, TN 37711 | CONTINUUM MURPHY LIQUIDS TERMINAL, LLC ATTN: ANNE PSENCIK PHONE: 859-410-2009 FAX: 859-254-1128 EMAIL: APSENCIK@CONTINUUMES.COM | Trade Payable | | | | $539,037.82 |
| 20 | PICKERING ASSOCIATES, INC ATTN: RYAN TAYLOR 11283 EMERSON AVE PARKERSBURG, WV 26104 | PICKERING ASSOCIATES, INC ATTN: RYAN TAYLOR PHONE: 304-464-5305 FAX: 304-464-4428 EMAIL: PA_TEAM@PICKERINGUSA.COM | Trade Payable | | | | $505,766.46 |
| 21 | NEW STANDARD ENERGY TEXAS, LLC ATTN: ARTHUR DIXON, CHAIRMAN 1521 DUNLAVY STREET SUITE B HOUSTON, TX 77006 | NEW STANDARD ENERGY TEXAS, LLC ATTN: ARTHUR DIXON, CHAIRMAN PHONE: 832-203-4531 EMAIL: INFO@NEWSTANDARD.COM.AU | Trade Payable | | | | $490,797.64 |
| 22 | EQUITRANS, LP ATTN: PETE CURRY 625 LIBERTY AVENUE SUITE 1700 PITTSBURGH, PA 1522 | EQUITRANS, LP ATTN: PETE CURRY PHONE: 412-395-3230 FAX: 412-395-3347 EMAIL: PCURRY@EQT.COM | Trade Payable | | | | $486,603.75 |
| 23 | HALLIBURTON ENERGY SERVICES INC ATTN: ROBB L. VOYLES 10200 BELLAIRE BLVD. HOUSTON, TX 77072-5299 | HALLIBURTON ENERGY SERVICES INC ATTN: ROBB L. VOYLES PHONE: 281-575-3082; 318-673-4417; 888-223-4255 FAX: 281-575-4032 EMAIL: ROBB.VOYLES@HALLIBURTON.COM; CHRISTINA.IBRAHIM@HALLIBURTON.COM | Trade Payable | | | | $448,063.39 |
| 24 | EM ENERGY EMPLOYER, LLC ATTN: BRIAN MCCURRIE 1800 MAIN STREET SUITE 220 CANONSBURG, PA 15317 | EM ENERGY EMPLOYER, LLC ATTN: BRIAN MCCURRIE PHONE: 412-564-1300 FAX: 412-319-7252 | Trade Payable | | | | $422,196.77 |

---

[1]   Gary C. Evans, Magnum Hunter Resource Corporation's Chairman and Chief Executive Officer, is also the Chairman, majority shareholder, and interim Chief Executive Officer, of GreenHunter Resources, Inc.

Debtor   <u>Magnum Hunter Resources Corporation, *et al.*</u>   Case Number (if known) _____
Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans,) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|---|---|---|---|
| 25 | UNITED RENTALS NA, INC. ATTN: FRED B. BRATMAN FIVE GREENWICH OFFICE PARK GREENWICH, CT 06831-5180 | UNITED RENTALS NA, INC. ATTN: FRED B. BRATMAN PHONE: 614-373-5161 EMAIL: FBRATMAN@UR.COM | Trade Payable | | $351,846.04 |
| 26 | RICOCHET ATTN; KENNETH E PARSONS 401 WELLS HILLS LN FRIENDLY, WV 26146 | RICOCHET ATTN; KENNETH E PARSONS PHONE: 304-652-1791 FAX: 304-652-1792 EMAIL: RICOCHET26146@YAHOO.COM | Trade Payable | | $351,082.58 |
| 27 | EXTERRAN ENERGY SOLUTIONS, LP ATTN: DONALD C. WAYNE 4444 BRITTMOORE HOUSTON, TX 77041 | EXTERRAN ENERGY SOLUTIONS, LP ATTN: DONALD C. WAYNE PHONE: 281-836-7000 FAX: 281-836-7952 EMAIL: DONALD.WAYNE@EXTERRAN.COM | Trade Payable | | $314,938.00 |
| 28 | DS BOWERS ATTN: STEVE BOWERS 69 NANCYS RUN SPENCER, WV 25276 | DS BOWERS ATTN: STEVE BOWERS PHONE: 304-927-5617 | Trade Payable | | $308,605.66 |
| 29 | PROTIVITI, INC. ATTN: JOSEPH A. TARANTINO 2613 CAMINO RAMON SAN RAMON, CA 94583 | PROTIVITI, INC. ATTN: JOSEPH A. TARANTINO PHONE: 415-402-3600 FAX: 415-291-8736 EMAIL: SAN.FRANCISCO@PROTIVITI.COM | Trade Payable | | $287,747.65 |
| 30 | RAIN FOR RENT ATTN: MARK LASSWELL, CEO 385 TECHNOLOGY DRIVE TRIADELPHIA, WV 26059 | RAIN FOR RENT ATTN: MARK LASSWELL, CEO PHONE: 330-405-1930 FAX: 661-391-3574 EMAIL: CONTRACTS@RAINFORRENT.COM | Trade Payable | | $285,676.56 |
| 31 | ENEXCO, LLC ATTN: RON DEEM 835 THIRD ST MARIETTA, OH 45750 | ENEXCO, LLC ATTN: RON DEEM PHONE: 740-236-9464 EMAIL: RONDEEM@ENEXCO.NET | Trade Payable | | $274,038.93 |

Debtor   <u>Magnum Hunter Resources Corporation, *et al.*</u>      Case Number (if known) _____
                    Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 32 | EXPRESS ENERGY SVCS OPERATING ATTN: DARRON ANDERSON 9800 RICHMOND AVENUE Suite 500 HOUSTON, TX 77042 | EXPRESS ENERGY SVCS OPERATING ATTN: DARRON ANDERSON PHONE: 713-625-7400 FAX: 713-625-7403 | Trade Payable | | $264,233.58 | | |
| 33 | WILD WELL CONTROL ATTN: FREDDY GEBHARDT 2202 OIL CENTER COURT HOUSTON, TX 77073 | WILD WELL CONTROL ATTN: FREDDY GEBHARDT PHONE: 281-784-4700 FAX: 281-784-4750 EMAIL: WILDWELL@WILDWELL.COM | Trade Payable | | $264,068.78 | | |
| 34 | WILDCAT ENERGY SERVICES ATTN: GARY ROBERTS, VP & GENERAL MANAGER 1400 CORPORATE CENTER WAY WELLINGTON, FL 33414 | WILDCAT ENERGY SERVICES ATTN: GARY ROBERTS, VP & GENERAL MANAGER PHONE: 832-230-5205 FAX: 832-230-4898 | Trade Payable | | $236,380.00 | | |
| 35 | ISLAND OPERATING COMPANY INC ATTN: GREGG H. FALGOUT 108 ZACHARY DR. SCOTT, LA 70583 | ISLAND OPERATING COMPANY INC ATTN: GREGG H. FALGOUT PHONE: 337-233-9594 FAX: 337-235-9657 EMAIL: RWILLIAMS@ISLANDOPERATING.COM | Trade Payable | | $222,494.23 | | |
| 36 | LAND AND RESOURCES MANAGEMENT, INC ATTN: KATHY ORTT 900 CORE ROAD PARKERSBURG, WV 26101 | LAND AND RESOURCES MANAGEMENT, INC ATTN: KATHY ORTT PHONE: 304-428-1165 EMAIL: KATHYORTT@LMWV.COM | Trade Payable | | $222,460.83 | | |
| 37 | PROFESSIONAL EQUIPMENT SERVICE P.O. BOX 717 PIERRE PART, LA 70339 | PROFESSIONAL EQUIPMENT SERVICE P.O. BOX 717 PHONE: 504-722-1119 | Trade Payable | | $206,000.00 | | |
| 38 | GAS QUEST, LLC ATTN: PRESIDENT OR GENERAL COUNSEL 104 HELIPORT ROAD BRIDGEPORT, WV 26330 | GAS QUEST, LLC ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 304-933-3544 FAX: 304-933-3416 | Settlement | Contingent | $200,293.39 | | |

Debtor   Magnum Hunter Resources Corporation, et al.        Case Number (if known) _____
              Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 39 | MIKE ROSS INC. ATTN: MIKE ROSS 720 MORTON AVENUE BUCKHANNON, WV 26201 | MIKE ROSS INC. ATTN: MIKE ROSS PHONE: 614-373-5161 FAX: 304-472-7405 | Settlement | Contingent | | | $200,293.39 |
| 40 | CAMPBELL PLUMBING & EXC., INC. ATTN: PRESIDENT OR GENERAL COUNSEL 60 VENTURE LANE BARBOURVILLE, KY 40906 | CAMPBELL PLUMBING & EXC., INC. ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 606-546-6800 FAX: 606-546-0025 EMAIL: RACAMPBELL48@YAHOO.COM | Trade Payable | | | | $199,965.60 |
| 41 | ANDREWS KURTH LLP ATTN: PETER K. JAMESON 600 TRAVIS Suite 4200 HOUSTON, TX 77002 | ANDREWS KURTH LLP ATTN: PETER K. JAMESON PHONE: 713-220-4200 FAX: 713-220-4285 EMAIL: PJAMESON@ANDREWSKURTH.COM | Trade Payable | | | | $178,711.62 |
| 42 | ROBINSON & MCELWEE ATTN: CHARLES SAFFER 700 VIRGINIA STREET EAST Suite 400 CHARLESTON, WV 25301 | ROBINSON & MCELWEE ATTN: CHARLES SAFFER PHONE: 304-344-5800 FAX: 304-344-9566 EMAIL: CFS@RAMLAW.COM | Trade Payable | | | | $177,000.05 |
| 43 | DAVIS PICKERING & CO., INC. ATTN: SCOTT HUBER 165 ENTERPRISE DRIVE MARIETTA, OH 45750 | DAVIS PICKERING & CO., INC. ATTN: SCOTT HUBER PHONE: 740-373-5896 FAX: 740-373-8638 EMAIL: SCOTT.HUBER@DAVISPICKERING.COM | Trade Payable | | | | $170,474.20 |
| 44 | GRADY RENTALS, LLC ATTN: BRAD GRADY, OWNER 2745 S. HWY 171 CLEBURNE, TX 76031 | GRADY RENTALS, LLC ATTN: BRAD GRADY, OWNER PHONE: 817-556-3200 FAX: 817-556-3850 EMAIL: BGRADY@GRADYRENTALS.COM | Trade Payable | | | | $151,571.40 |
| 45 | ONEOK ROCKIES MIDSTREAM, LLC ATTN: STEPHEN W. LAKE, GENERAL COUNSEL 100 W. 5TH STREET TULSA, OK 74102 | ONEOK ROCKIES MIDSTREAM, LLC ATTN: STEPHEN W. LAKE, GENERAL COUNSEL PHONE: 720-946-3605 FAX: 720-946-3710 EMAIL: STEPHEN.LAKE@ONEOK.COM | Trade Payable | | | | $151,002.56 |

Debtor    Magnum Hunter Resources Corporation, *et al.*    Case Number (if known) _____
          Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 46 | GLOBAL OIL & GAS SERVICES LLC ATTN: PRESIDENT OR GENERAL COUNSEL 2337 WATSON MARSHALL RD MCDONALD, OH 44437 | GLOBAL OIL & GAS SERVICES LLC ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 234-421-0150 FAX: 234-421-0151 | Trade Payable | | | | $137,085.50 |
| 47 | R & R WELL SERVICE, LLC ATTN: PRESIDENT/CEO 2633 HWY 25 E TAZEWELL, TN 37879 | R & R WELL SERVICE, LLC ATTN: PRESIDENT/CEO PHONE: 423-626-5302 FAX: 423-626-1232 | Trade Payable | | | | $135,000.00 |
| 48 | CHESAPEAKE APPALACHIA LLC ATTN: JAMES R. WEBB 6100 NORTH WESTERN AVENUE OKLAHOMA CITY, OK 73154-0496 | CHESAPEAKE APPALACHIA LLC ATTN: JAMES R. WEBB PHONE: 405-848-8000 FAX: 405-935-4612 EMAIL: VTHOMAS@CHKENERGY.COM | Trade Payable | | | | $134,691.07 |
| 49 | NORTON ROSE FULBRIGHT US LLP ATTN: LINDA L. ADDISON 1301 MCKINNEY HOUSTON, TX 77010-3095 | NORTON ROSE FULBRIGHT US LLP ATTN: LINDA L. ADDISON PHONE: 214-855-8000 FAX: 214-855-8200 EMAIL: LINDA.ADDISON@NORTONROSEFULBRIGHT.COM | Trade Payable | | | | $132,937.61 |
| 50 | WALTER STANSELL WELDING ATTN: WALTER STANSELL 106 GREEN WAY BROCKWAY, PA 15824 | WALTER STANSELL WELDING ATTN: WALTER STANSELL PHONE: 814-590-5040 | Trade Payable | | | | $124,735.00 |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name          Magnum Hunter Resources Corporation, *et al.* | |
| United States Bankruptcy Court for the: | District of Delaware |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐   Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **12 / 15 / 2015** | ☒ |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Gary C. Evans** |
| | Printed name |
| | **Chairman and Chief Executive Officer** |
| | Position or relationship to debtor |

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NGAS HUNTER, LLC, | ) | Case No. 15-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| NGAS Hunter, LLC | Magnum Hunter Resources Corporation | 909 Lake Carolyn Parkway, Suite 600 Irving, Texas 75039 | 100% |

---

[1]  This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

Fill in this information to identify the case and this filing:

Debtor Name      NGAS Hunter, LLC

United States Bankruptcy Court for the:                   District of Delaware
                                                                                        (State)
Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration_____    List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

_12 / 15 / 2015_                                ☒    _____
MM/ DD/YYYY                                       Signature of individual signing on behalf of debtor

                                                  **Gary C. Evans**
                                                  Printed name

                                                  **Chief Executive Officer**
                                                  Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NGAS HUNTER, LLC, | ) | Case No. 15-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Magnum Hunter Resources Corporation | 100% |

Fill in this information to identify the case and this filing:

Debtor Name      NGAS Hunter, LLC

| United States Bankruptcy Court for the: | District of Delaware |
| | (State) |

Case number (if known):

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration _____ Corporate Ownership Statement _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| 12 / 15 / 2015 | ☒ | *Signature of individual signing on behalf of debtor* |
| MM/ DD/YYYY | | |
| | | Gary C. Evans |
| | | Printed name |
| | | Chief Executive Officer |
| | | Position or relationship to debtor |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NGAS HUNTER, LLC, | ) | Case No. 15-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CERTIFICATION OF CREDITOR MATRIX

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above-captioned debtor and its affiliated debtors in possession (collectively, the "Debtors")[1] hereby certify that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtors' creditors. To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Magnum Hunter Resources Corporation (9278); Alpha Hunter Drilling, LLC (7505); Bakken Hunter Canada, Inc. (7777); Bakken Hunter, LLC (3862); Energy Hunter Securities, Inc. (9725); Hunter Aviation, LLC (8600); Hunter Real Estate, LLC (8073); Magnum Hunter Marketing, LLC (2527); Magnum Hunter Production, Inc. (7062); Magnum Hunter Resources GP, LLC (5887); Magnum Hunter Resources, LP (5958); Magnum Hunter Services, LLC (5725); NGAS Gathering, LLC (2054); NGAS Hunter, LLC (3737); PRC Williston LLC (1736); Shale Hunter, LLC (1952); Triad Holdings, LLC (8947); Triad Hunter, LLC (5830); Viking International Resources Co., Inc. (0097); and Williston Hunter ND, LLC (3798). The location of the Debtors' service address is: 909 Lake Carolyn Parkway, Suite 600, Irving, Texas 75039.

Fill in this information to identify the case and this filing:

Debtor Name    NGAS Hunter, LLC

United States Bankruptcy Court for the:    District of Delaware
    (State)

Case number (If known):

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration    Certification of Creditor Matrix

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

12 / 15 / 2015
MM/ DD/YYYY

☒    _____
Signature of individual signing on behalf of debtor

Gary C. Evans
Printed name

Chief Executive Officer
Position or relationship to debtor

Official Form 202    **Declaration Under Penalty of Perjury for Non-Individual Debtors**